23-6890-ag
Carrera Hernandez v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:  PIERRE N. LEVAL,
                    DENNY CHIN,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*.

------------------------------------------------------------------

FREDY CARRERA HERNANDEZ,
ESPERANZA CARRERA REYES,

     *Petitioners*,

    v.                                                                      No. 23-6890-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

     *Respondent*.

------------------------------------------------------------------

FOR PETITIONERS: Usman B. Ahmad, Law Office of Usman B. Ahmad, P.C., Long Island City, NY

FOR RESPONDENT: Joannabelle M. Aquino, Trial Attorney, Jennifer P. Levings, Assistant Director, Brian Boynton, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioners Fredy Carrera Hernandez and Esperanza Carrera Reyes, natives and citizens of Mexico, seek review of a July 14, 2023 decision of the BIA affirming a September 12, 2019 decision of an Immigration Judge (IJ) denying their applications for cancellation of removal under 8 U.S.C. § 1229b(b). *In re Fredy Carrera Hernandez, Esperanza Carrera Reyes*, Nos. A208 344 863/864 (B.I.A. July 14, 2023), *aff'g* Nos. A208 344 863/864 (Immigr. Ct. Hartford Sept. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition for review in part and dismiss it in part.

To be eligible for cancellation of removal, Petitioners had to "establish[] that removal would result in exceptional and extremely unusual hardship to [their] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). To meet this standard, Petitioners were required to show "that [their] qualifying relative[] would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers hardship factors in the aggregate, including "the ages, health, and circumstances of qualifying . . . relatives." *Id.* at 63–64.

"Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, we review the decision of the IJ as supplemented by the BIA." *Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011). Our jurisdiction to review the BIA's denial of cancellation of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D), (a)(2)(B)(i); *Patel v. Garland*, 596 U.S. 328, 338–39 (2022).

## I. Due Process

Petitioners first contend that their due process right to a full and fair removal hearing was violated by the IJ's comments, refusal to admit evidence of hardship, and unwillingness to afford Petitioners' counsel extra time at the hearing when their counsel arrived more than thirty minutes late. "To establish a violation of due process, [Petitioners] must show that [they were] denied a full and fair opportunity to present [their claims] or that the IJ or BIA otherwise deprived [them] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). Petitioners have not demonstrated a due process violation.

"[J]udicial remarks . . . that are disapproving of, or even hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Francolino v. Kuhlman*, 365 F.3d 137, 143 (2d Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see Shu Ling Ni v. Bd. of Immigr. Appeals*, 439 F.3d 177, 180–81 (2d Cir. 2006). We do not view the IJ's statements as evidencing any degree of favoritism or antagonism toward Petitioners. To the contrary, the IJ ultimately *did* give Petitioners' counsel "the full amount of time

4

that [their] case was scheduled [for]," Certified Administrative Record ("CAR") at 166, and the BIA clarified that even if it "consider[ed] the untimely evidence," it would still deny Petitioners' appeal, CAR at 4. Petitioners have not identified any additional evidence that they would have offered if given the opportunity and thus have failed to show that they suffered any "cognizable prejudice" that could support their due process challenge. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted).

## II. Exceptional and Extremely Unusual Hardship

Petitioners also challenge the agency's determination that they were ineligible for cancellation of removal because they failed to show the requisite exceptional and extremely unusual hardship. "[T]he application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). Although we typically review such questions *de novo*, *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023), the Supreme Court has clarified that the particular mixed question of whether established facts satisfy the eligibility standard under § 1252(a)(2)(D) "is primarily factual, [so] that review is deferential," *Wilkinson*, 601 U.S. at 225.

5

Where, as here, the claim is "based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care . . . is not reasonably available in that country." *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020). The agency considered the hardship evidence, including Petitioners' son's undiagnosed condition involving growths on his skin and his bronchitis diagnosis.[1] But it determined that, "[c]onsidering all of the hardships cumulatively and in the aggregate, [Petitioners] have not shown exceptional and extremely unusual hardship to their qualifying relative." CAR at 4. Given the "more deferential standard of review" that applies in this context, *Wilkinson*, 601 U.S. at 222, we find no error in the agency's determination.

To the extent that Petitioners challenge the agency's underlying factual determinations — for example, that there was "insufficient evidence that [their

---

[1] The IJ also considered hardship evidence with respect to Petitioners' daughter. Because their daughter turned 21 while the case was pending before the BIA, the BIA did not consider her in its hardship analysis. The Government now argues that Petitioners have abandoned any challenge to that determination. While Petitioners do not explicitly challenge that determination in their brief, they continue to rely on the hardships suffered by their daughter. Even if the hardships suffered by their daughter were taken into account, however, the result would not change.

son's] condition would need further treatment or that treatment would be unavailable in Mexico," CAR at 4 — we lack jurisdiction to review those determinations. *Wilkinson*, 601 U.S. at 222.

## CONCLUSION

We have considered Petitioners' remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7